IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KENNETH HANES GRIMSLEY,**

    Petitioner,

v.                                                                         Civil Action No. **3:18CV878**

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

Kenneth Hanes Grimsley, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for Fairfax County, Virginia ("Circuit Court"). Respondent moves to dismiss, arguing that Grimsley's § 2254 Petition is barred by the statute of limitations. (ECF No. 13.) Despite the provision of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice and the Court's grant of an extension of time to Grimsley, Grimsley failed to respond. For the reasons that follow, the § 2254 Petition will be DENIED.

**A.    PROCEDURAL HISTORY**

On February 17, 2005, pursuant to an *Alford*[1] plea, Grimsley was convicted of two counts of robbery and one count of use of a firearm in the commission of a felony and was sentenced by the Circuit Court to an active term of incarceration of twenty years. (ECF No. 15–1, at 1–2.)[2] Grimsley filed no appeal. On March 16, 2005, Grimsley filed a Motion to Reconsider his sentence.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

(*Id.* at 28.) The Circuit Court denied the Motion to Reconsider on March 29, 2005.[3] *Commonwealth v. Grimsley*, No. 106396, at 1 (Va. Cir. Ct. Mar. 29, 2005).

On February 13, 2007, Grimsley filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 15-2, at 1.) On July 3, 2007, the Supreme Court of Virginia dismissed the petition. (ECF No. 15-3, at 1–6.)

On November 14, 2016, Grimsley filed a second petition for writ of habeas corpus in the Circuit Court. (*See* ECF No. 15-4, at 3.) On February 1, 2017, the Circuit Court dismissed the petition, *inter alia*, as barred by the Virginia statute of limitations. (*Id.* at 3, 7 (citing Va. Code Ann. § 8.01–654(A)(2))). Grimsley appealed, and the Supreme Court of Virginia refused his petition for appeal on February 23, 2018. (ECF No. 15-5, at 1.)

On May 9, 2018, Grimsley filed his § 2254 Petition. (ECF No. 1, at 16.)[4] In his § 2254 Petition, Grimsley argues he entitled to relief on the following claim:

Claim One:  "Petitioner's sentence [is] above discretionary guidelines." (*Id.* at 5.)[5]

---

[3] The Circuit Court denied the Motion to Reconsider by letter dated March 24, 2005. Letter 1, *Commonwealth v. Grimsley*, Nos. 106395 & 106396 (Va. Cir. Ct. Mar. 24, 2005). However, the Circuit Court entered a Final Order with respect to that motion on March 28, 2005 in one case, and on March 29, 2005, in the second case. *Commonwealth v. Grimsley*, No. 106396, at 1 (Va. Cir. Ct. Mar. 29, 2005); *Commonwealth v. Grimsley*, No. 106395, at 1 (Va. Cir. Ct. Mar. 28, 2005). For ease of reference, the Court utilizes March 29, 2005 as the date of the denial of the Motion to Reconsider for the purposes of this opinion.

[4] This is the date that Grimsley indicates that he placed his § 2254 Petition in the prison mailing system, and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[5] By Memorandum Order entered on March 8, 2019, the Court dismissed without prejudice any claim pertaining to the determination of his good conduct credit earning level or calculation. The Court explained that Grimsley could file a separate § 2254 petition challenging his good conduct credit earning level or calculation. Accordingly, the Court dismissed Claim Two and informed Grimsley that the action proceeds solely with Claim One and his challenges to his underlying criminal judgment. (ECF No. 4, at 2.)

## II. STATUTE OF LIMITATIONS

Respondent contends that the federal statute of limitations bars Grimsley's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Statute of Limitations

Grimsley filed no appeal. Accordingly, his judgment became final on Monday, March 21, 2005, when the time for noting an appeal with the Court of Appeals of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has

3

expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5:A6 (requiring notice of appeal to be filed within thirty days after judgment). Thus, Grimsley had one year, or until Tuesday, March 21, 2006, to file a petition pursuant to 28 U.S.C. § 2254. Grimsley filed his § 2254 Petition on May 9, 2018, more than twelve years too late.

B.    No Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). Grimsley's two state habeas petitions, filed February 13, 2007 and November 14, 2016, could not toll the limitations period, because the federal limitations period had already expired on Tuesday, April 4, 2006.[6] *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Accordingly, the § 2254 Petition is barred unless Grimsley demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)–(D) or some equitable exception[7] to the limitation period.

C.    Belated Commencement

Grimsley's sole claim before the Court is that he was sentenced above the discretionary guidelines. (§ 2254 Pet. 5.) Grimsley seemingly argues that *Apprendi v. New Jersey*, 530 U.S. 466 (2002), *Blakely v. Washington*, 542 U.S. 296 (2004), and their progeny make his § 2254

---

[6] The limitations period would have expired on March 21, 2006, as noted above. However, the Court tolls the limitations period for the fourteen days that Grimsley's Motion to Reconsider was pending in the Circuit Court, between March 16, 2005 and March 29, 2005.

[7] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petition timely under § 2244(d)(1)(C).[8] (ECF No. 1, at 20–23.) This argument lacks merit for several reasons. First, *Apprendi* and *Blakely* were decided in 2002 and 2004, prior to Grimsley's criminal conviction in 2005, and any claim pursuant to these cases was certainly available to Grimsley before the statute of limitations expired. Second, as Grimsley acknowledges, Virginia's sentencing guidelines are discretionary and do not increase a sentence beyond the maximum set in the statute and, therefore, the *Apprendi* line of cases is inapplicable to his sentence. *See Boyles v. Commonwealth*, No. 7:05–cv–00075, 2005 WL 2233578, at *3 (W.D. Va. Sept. 13, 2005) (citation omitted). Finally, Grimsley's sentence was less than the statutory maximum of life. *See* Va. Code Ann. § 18.2–58 (West 2019); (ECF No. 15–1, at 1–2.). Thus, *Apprendi* fails to make Grimsley's § 2254 Petition timely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED, Grimsley's claim will be DISMISSED, his § 2254 Petition will be DENIED, and a certification of appealability will be DENIED.

An appropriate Order shall issue.

It is so ORDERED.

Date: November 20, 2019
Richmond, Virginia

/s/ 
Roderick C. Young
United States Magistrate Judge

---

[8] *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Similarly, in *Blakely*, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303.

5